UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JULIAN MORA-ALCARAZ,<br><br>    Defendant. | Case No. 3:17-cr-00022-LRH-CBC<br><br>ORDER |

The United States has filed a motion requesting partial reconsideration of the Court's decision to grant defendant Julian Mora-Alcaraz's motion to suppress in part. (ECF No. 48). Following the close of the evidentiary hearing on June 11, 2019, the Court granted defendant's motion to suppress as it related to statements and evidence recovered from a November 25, 2016 police encounter and denied defendant's motion as it related to a January 5, 2017 encounter with an immigration agent. The government seeks reconsideration of the Court's decision as it relates to the suppression of evidence stemming from the November 25 encounter.

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, courts within the Ninth Circuit and other circuit courts have held that that they may be. *U.S. v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D. Cal. 2005*), rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007). Motions for reconsideration in criminal cases are governed by the same rules used for motions for reconsideration in civil cases. *U.S. v. Rosas-Ramirez*, 2019 WL 1518162, at \*2 (N.D. Cal. April 8, 2019). A district court may reconsider a prior order only where (1) the court is presented with newly discovered evidence; (2) there is an

1

intervening change of controlling law, and (3) the original decision was manifestly unjust or clearly erroneous. *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are "extraordinary remed[ies]," and they should only be used "sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Whether or not to grant reconsideration is within the sound discretion of the district court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Upon a review of the government's motion, the Court finds no grounds on which to reverse its previous decision. The government has not presented the Court with any new evidence that was not available at the time of the hearing, nor has there been any change in the law controlling custodial interrogations since the time of the Court's ruling. The government merely reargues the same points of law and fact that it did during briefing and during oral argument following the evidentiary hearing, arguments the Court carefully considered but ultimately rejected. The Court recognizes that it was mistaken when it mentioned that the lights on the police vehicles were flashing red instead of flashing amber. (ECF No. 48 at 7). The fact that the police lights were flashing one color as opposed to another was not material to the Court's determination that defendant was subject to a custodial interrogation on November 25, 2016.

IT IS THEREFORE ORDERED that the government's motion for reconsideration (ECF No. 48) is **DENIED**.

IT IS SO ORDERED.

DATED this 27th day of August, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE